UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Angela James**, <br><br> Plaintiff, <br><br> v. <br><br> **Preston's A Burger Joint, LLC,** an Ohio Limited Liability Company, and **Catie Randazzo,** and **Matthew Heaggans**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Angela James ("Plaintiff"), sues the Defendants, Preston's A Burger Joint, LLC ("Preston's"), Catie Randazzo, and Matthew Heaggans (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

-1-

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4111.03 establishes the law regarding overtime wages within the State of Ohio.

5. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

8. At all material times, Plaintiff is an individual residing in Franklin County, Ohio, and is a former employee of Defendants.

9. At all material times, Defendant Royal Ginger Inc. is a corporation duly licensed to transact business in the State of Ohio. At all material times, Defendant Royal Ginger Inc.

does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

10. At all material times, Defendant Preston's does business as "Preston's: A Burger Joint."

11. At all relevant times, Defendant Preston's was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Preston's had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Preston's is subject to liability under the FLSA.

12. Defendant Catie Randazzo is an owner of Defendant Preston's and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

13. Under the FLSA, Defendant Catie Randazzo is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Catie Randazzo is an owner of Defendant Preston's. At all relevant times, Catie Randazzo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Catie Randazzo is subject to individual liability under the FLSA.

14. Defendant Matthew Heaggans is an owner of Defendant Preston's and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendant Matthew Heaggans is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Matthew Heaggans is an owner of Defendant Preston's. At all relevant times, Matthew Heaggans had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Matthew Heaggans is subject to individual liability under the FLSA.

16. At all material times, Defendants Preston's, Catie Randazzo, and Matthew Heaggans are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

17. At all material times, Defendants Preston's, Catie Randazzo, and Matthew Heaggans are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

18. Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, all Defendants were joint employers of Plaintiff.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

27. Defendants own and/or operate as Preston's A Burger Joint, an enterprise located in Franklin County, Ohio.

28. Plaintiff was hired by Defendants and worked for Defendants approximately May 2019 through approximately March 2020.

29. At all relevant times, between approximately May 2019 and the end of her employment with Defendants, Plaintiff worked as a kitchen manager performing tasks such as running the cash register at the bar to take orders and managing kitchen employees.

30. At all relevant times, between approximately May 2019 and the end of her employment with Defendants, Defendants, in their sole discretion, agreed to pay Plaintiff $12.50 per hour.

31. During her final week of work for Defendants, Plaintiff worked 42 hours but was not compensated any wage whatsoever for such time she worked.

32. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked for Defendants, Defendants have violated 29 U.S.C. § 206(a).

33. As a result of Defendants' willful failure to compensate Plaintiff overtime wages for hours worked in excess of 40 hours in her final workweek for Defendants, Defendants failed to pay Plaintiff overtime wages in violation of 29 U.S.C. § 207(a).

34. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked for Defendants, Defendants have violated ORC § 4111.

35. As a result of Defendants' willful failure to compensate Plaintiff overtime wages for hours worked in excess of 40 hours in her final workweek for Defendants, Defendants have violated ORC § 4111.03

36. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked for Defendants, Defendants have violated ORC § 4113.

37. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her final week of employment.

38. Defendants have and continue to violate the FLSA by not paying Plaintiff overtime wages for all hours worked in excess of 40 hours in her final week of employment.

39. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her final week of employment.

40. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during her final week of employment.

41. Plaintiff is a covered employee within the meaning of the FLSA.

42. Plaintiff is a covered employee within the meaning of ORC § 4111.

43. Plaintiff is a covered employee within the meaning of ORC § 4113.

44. At all relevant times, Plaintiff is a non-exempt employee.

45. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

46. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

52. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

53. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angela James, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

56. As a result, Defendants failed to compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in her final week of work for Defendants.

57. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime rate violates the FLSA, 29 U.S.C. § 207(a).

58. Plaintiff is therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angela James, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime

wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

61. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angela James, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: OHIO REVISED CODE § 4111.03
### FAILURE TO PAY OVERTIME

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

65. As a result, Defendants failed to compensate Plaintiff one and one-half times her regular rate of pay for hours worked in excess of 40 hours in her final week of work for Defendants.

66. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime wage rate violates ORC § 4111.03.

67. Plaintiff is therefore entitled to compensation for all unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angela James, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the week month of her employment.

70. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

71. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Angela James, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of August, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com